UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REV. ERROL VICTOR, SR.**                                                    **CIVIL ACTION**

**VERSUS**                                                                          **NO. 20-3432**

**STATE OF LOUISIANA**                                                    **SECTION: "J"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Errol Victor, Sr., a state inmate, filed this federal civil action against the State of Louisiana pursuant to 42 U.S.C. § 1983.[1] The State of Louisiana then filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.[2] Plaintiff thereafter filed two motions to voluntarily dismiss his lawsuit.[3]

The Federal Rules of Civil Procedure provide:

**(a) Voluntary Dismissal.**

*(1) By the Plaintiff.*
**(A)** Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

**(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

**(ii)** a stipulation of dismissal signed by all parties who have appeared.

**(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 18.
[3] Rec. Docs. 21 and 22.

>the same claim, a notice of dismissal operates as an adjudication on the merits.
>
>**(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. … Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Because the State of Louisiana has filed only a Rule 12 motion to dismiss, plaintiff has an absolute right to dismiss his lawsuit. See Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) ("[A] plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); see also Exxon Corp. v. Maryland Casualty Co., 599 F.2d 659, 661 (5th Cir. 1979) (noting that a plaintiff's right to a voluntary dismissal "is not cut off by a motion to dismiss").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motions for voluntary dismissal, Rec. Docs. 21 and 22, be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's remaining motions, Rec. Docs. 10 and 20, and the State of Louisiana's motion to dismiss, Rec. Doc. 19, be **DENIED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this _____ day of May, 2021.

 

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**